UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GILBERT LAW, | No. 2:16-cv-1830-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| GRIPE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed two "emergency motion(s) for immediate injunction" (ECF Nos. 41 & 44) and a motion for summary judgment (ECF No. 48). Defendants have filed oppositions to these motions. ECF Nos. 49 & 53. Plaintiff has filed replies. ECF Nos. 54 & 55. Defendants have filed a motion to strike plaintiff's reply to their opposition to his summary judgment motion. ECF No. 67. For the reasons discussed below, it is recommended that each motion be denied.

**I. Motions for Immediate Injunction**

**A. Legal Standards**

Injunctive relief – either temporary or permanent – is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). The Supreme Court has held that:

/////

1

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Id.* at 20. Additionally, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration & Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983).

### B. Background

In his motions, plaintiff alleges that he is in immediate danger as a result of: (1) receiving inadequate medical care; (2) defendants telling other inmates he is a "snitch"; (3) sexual assault by non-defendant prison staff; (4) non-defendant prison staff's refusal to provide him meals; and (5) non-defendant prison staff interfering with his administrative appeals. ECF Nos. 41 & 44. In his first motion, he asks the court to order his transfer out of the California Department of Corrections and Rehabilitation. ECF No. 41 at 2. Plaintiff states that, if necessary, he is willing to serve his sentence in federal custody. *Id.* In his second motion, plaintiff asks the court to order defendants to explain why he is not being provided with medical care. ECF No. 44 at 3. He also requests that the court take some unspecified action to protect him from the retaliation and abuse being perpetrated against him by both defendant and non-defendant staff at California Medical Facility. *Id.*

### C. Analysis

The underlying claims in this suit are that plaintiff was sexually assaulted by defendant Rubino on June 24, 2016 and that defendant Gripe denied him medical care for the injuries sustained in that assault. ECF No. 8 at 1-2; ECF No. 32 at 3. The Ninth Circuit has not spoken directly to the issue of whether a motion for injunctive relief must bear some relationship to the allegations in the plaintiff's complaint. Other circuits, in language this court finds persuasive, have held that a plaintiff seeking injunctive relief must establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Little v. Jones*, 607 F.3d 1245, 1251 (10th

Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). To hold otherwise would require an aggressive and impracticable expansion of the scope of this litigation. As such, this court concludes that it cannot order injunctive relief based on allegations that: (1) defendants labelled him a 'snitch'; (2) a separate, unrelated sexual assault was perpetrated against him by non-defendants; (3) that prison staff has declined to provide him with meals or; (4) that staff has interfered with his administrative appeals. These claims, if plaintiff elects to pursue them, should be brought in separate actions.

The court turns to the lone relating claim – that he is receiving inadequate medical care for injuries sustained during Rubino's alleged sexual assault. Plaintiff has not provided any evidence that he will actually suffer irreparable harm if his motion is not granted. He fails to allege, for instance, the precise inadequacies in his medical care or the exact relief he would have the court fashion if it were to rule in his favor. The court recognizes that plaintiff has requested that the court order defendants to explain why he is being denied adequate care. ECF No. 44 at 3. But defendants have already denied plaintiff's inadequate care allegations by way of their answer to his complaint – which was filed after plaintiff's second motion for preliminary injunction. ECF No. 46. Additionally, they have filed an opposition wherein they deny inadequacies in plaintiff's care. ECF No. 53. Attached to that motion is an affidavit from C. Teng – plaintiff's primary care physician – which states that, at a July 31, 2017 examination, plaintiff appeared in good spirits and did not report any injuries. *Id.* at 10. The court sees no utility in directing defendants to explain shortcomings which they deny exist and which plaintiff has not provided any evidence of. Finally, injunctive relief is precluded by the fact that plaintiff has not demonstrated that he is likely to succeed on the merits of his claims.[1]

---

[1] The court notes, that since the filing of his motion, plaintiff has submitted several filings containing exhibits. ECF Nos. 56, 57, 58, & 59. The court has reviewed these exhibits and concludes that they fail to demonstrate either that plaintiff will succeed on the merits of his claims or that he is being denied adequate medical care. The vast majority of these documents pertain to plaintiff's prison grievances and have little probative value outside of the exhaustion context. *Id.*
  The medical records that are included represent that plaintiff alleged that he suffered a sexual assault on August 21, 2017. ECF No. 58 at 3. It is unclear that either defendant was

1    Based on the foregoing, the court recommends that both motions for preliminary

injunctive relief be denied.

## II. Motion for Summary Judgment

Defendants persuasively argue that plaintiff's motion for summary judgment is premature. The motion was filed on July 12, 2017 (ECF No. 48), less than a month after defendants filed their answer (ECF No. 46) and approximately two weeks after the court issued a scheduling order setting discovery and dispositive motion deadlines (ECF No. 47). Currently, discovery is due by December 26, 2017 (ECF No. 70) and defendants argue that, absent the benefit of discovery, they are unable to present facts essential to opposing the motion. ECF No. 49 at 6. "Although [Federal Rule of Civil Procedure 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56 Advisory Committee's Notes (2010 Amendments Subdivision (b)). The court recommends denying the motion on this basis. *See* Fed. R. Civ. P. 56(d) (1-3) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) *defer considering the motion or deny it*; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.") (emphasis added).

Plaintiff's motion should also be denied because it is unsupported by any relevant citations to materials in the record. The court has reviewed the materials attached to the motion for summary judgment and determined that none of them support plaintiff's claim that defendant Gripe was deliberately indifferent to his serious medical needs. Nor does plaintiff's motion find evidentiary support in the exhibits attached to his amended complaint. *See* ECF No. 8 at 4-8.

---

involved in this recent alleged incident, however. The form is signed by a psychologist named John Carey and no mention is made of defendants. *Id.*

A second medical report alleges that a correctional officer named Manning sexually assaulted plaintiff on August 28, 2017. ECF No. 60 at 6. This officer is not a defendant to this suit and there is no indication that either defendant had any involvement in this alleged incident. As such, this allegation does not alter the court's conclusion that plaintiff's injunctive motions should be denied at this time.

What remains is essentially a duplication of the unadorned allegations in his amended complaint. Given that defendants have denied those allegations in their answer, it necessarily follows that plaintiff has not carried his burden of establishing that there is no dispute of material of fact with respect to these allegations.[2]

### III. Motion to Strike

Defendants argue that the court should strike plaintiff's reply to their summary judgment opposition because: (1) it was not timely filed; and (2) to the extent it can be construed as an affidavit or statement of undisputed facts it fails to comply with local rules. ECF No. 67 at 3-5. In light of plaintiff's status as a layman, the court will exercise its discretion and deny the motion to strike. *See Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (noting that a departure from local rules is justified if "the effect is so slight and unimportant that the sensible treatment is to overlook [it].") (quoting *Allen v. United States Fidelity & Guaranty Co.*, 342 F.2d 951, 954 (9th Cir. 1965)). The obvious inadequacies in plaintiff's motion for summary judgment convince the court that the effect of considering his reply is slight.

Going forward, however, plaintiff is admonished that he must comply with all relevant local rules. The court is disinclined to excuse any future pleadings that are non-compliant.

### IV. Conclusion

It is THEREFORE ORDERED that:

1. Defendants' motion to strike (ECF No. 67) is DENIED; and

2. Defendants have not consented to magistrate judge jurisdiction. Therefore, the Clerk of Court shall randomly assign a United States District Judge to this action.

Additionally, it is HEREBY RECOMMENDED that:

1. Plaintiff's Motion for Preliminary Injunction (ECF No. 41) be DENIED;

2. Plaintiff's Motion for Preliminary Injunction (ECF No. 44) be DENIED; and

/////

---

[2] It is plaintiff, not the defendants, who bears the burden of proof on those allegations.

5

3. Plaintiff's Motion for Summary Judgment (ECF No. 48) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 20, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE